JOSÉ RODRÍGUEZ MONTALVO, Plaintiff and Appellee, *v.* GERÓNIMO FONALLEDAS, Defendant and Appellant.

No. 10304.   Argued November 6, 1950.—Decided November 15, 1950.

*Virgilio Brunet* for appellant.   *Víctor M. Bosch* for appellee;  *F. Fernández Cuyar* as *amicus curiae.*

MR. JUSTICE SNYDER delivered the opinion of the Court.

This is a suit for wages in which the district court entered judgment for the plaintiff and the defendant appealed. The plaintiff moved to dismiss the appeal on the ground that the notice of appeal was filed after the jurisdictional term provided therefor had expired.

Judgment was entered on June 13, 1950. The record contains a copy of a Notice of Judgment filed by the Secretary on June 15 showing that the original was mailed and addressed to "Gerónimo Fonalledas, c/o Att'y Virgilio Brunet, Hato Rey, Puerto Rico". The notice of appeal was filed on June 23. The theory of the appellee's motion to dismiss is that the appellant did not file his appeal within five days from the date the Secretary filed the copy of the notice of judgment in the record of the case as required by law. *Fog v. District Court*, 65 P.R.R. 150; *Sierra, Commissioner v. Blondet*, 70 P.R.R. 200.

In support of his opposition to the motion to dismiss, the appellant has filed a sworn statement of Pedro García, office manager of the appellant, that on June 19, 1950 he found in the post office box of the appellant at Hato Rey an envelope addressed to the appellant c/o Att'y Virgilio Brunet, Hato Rey, Puerto Rico; that when he opened the envelope, he found therein a notice of judgment and a copy of the judgment in this case; and that on the same day he sent these two documents by messenger to Att'y Brunet, counsel for appellant in this case.

The appellant argues that under Rule 5(*b*) of the Rules of Civil Procedure, the judgment was required to be served upon the attorney for the appellant, and that it was therefore not a proper notice for the Secretary of the lower

court to mail it in an envelope addressed to the appellant himself. We cannot agree with this argument because we have held that the Rules do not apply to appeals. *Hernández* v. *Municipal Court,* 69 P.R.R. 827; *cf. People* v. *Carmona,* 70 P.R.R. 292.

■ This case is governed by § 1 of Act of March 11, 1908, as amended by Act No. 2 of March 14, 1929, found in the Code of Civil Procedure, 1933 ed., p. 137.[1] Section 1 provides that "in all cases where an appeal may be taken, as provided by this section, it shall be the duty of the secretary of the court to send to the aggrieved party, or to his attorney, upon the rendering of such appealable sentence or decision, a written notice informing said aggrieved party that such sentence or decision has been rendered; and a copy of said notice shall be filed with the record of the case. The time for the filing of the appeal shall begin to be counted from the date on which such notice was filed." We have interpreted § 1 to mean that in cases like the instant case service on a party is proper only if he is not represented by counsel. Where the record shows that a party has an attorney, the Secretary is required to serve the attorney. *Angleró* v. *Trigo,* 48 P.R.R. 187; *Jusino* v. *Masjuán,* 46 P.R.R. 484.

■ The question presented is whether mailing the notice to the appellant c/o his attorney constituted proper service on the attorney. In passing on this question, we must bear in mind the principle that since service by mail is considered under § 322 of the Code of Civil Procedure as completed by deposit in the mails, there must be strict compliance with

---

[1] Section 1 of the Act of March 11, 1908, applies to this case—an appeal from the district court to the Supreme Court—in view of the fact that Act No. 10, Laws of Puerto Rico, 1917 (II), was amended to provide that the district courts shall have concurrent jurisdiction in suits for wage claims exceeding five hundred dollars, and that the procedure on appeal from a judgment of the district court to this Court in wage cases shall be the same as the procedure for appeals from the municipal to the district court in such cases. See Act No. 17, Laws of Puerto Rico, 1945; Act No. 150, Laws of Puerto Rico, 1950.

the statutory provision therefor. *Tugwell, Governor* v. *Barreto*, 65 P.R.R. 469, 473, and cases cited. Stated another way, the Rule that the time to appeal begins to run from the date of mailing may not be invoked against the appellant unless the letter is correctly addressed to the appropriate person so that he will receive it promptly. That did not occur here. On the contrary, it was not addressed to the attorney as required by law and he did not receive it in the mail. Since the appellant had a post office box in the same post office and since the letter was addressed to him, the postal employees placed the letter in the appellant's box, despite the fact that it was addressed c/o the attorney. The attorney finally received the notice, four days after it was mailed, when it was delivered to him personally by the appellant's messenger. Consequently, under the strict standards required for substituted service by mail, we cannot hold that the notice herein was completed by the deposit thereof in the mails. At the most, the service was completed by actual receipt of the notice by the attorney on June 19. The appeal, filed on June 23, was therefore timely.

It remains only to note that, after being served with the affidavit of the appellant's office manager, the defendant obtained and filed in this case a certificate of the Secretary of the district court to the effect that the Registry Book of Services by Mail contains an entry that the judgment and notice of judgment were sent by mail in this case addressed to Att'y Virgilio Brunet, Box 235, Hato Rey, Puerto Rico. We cannot accept this certificate under the circumstances of this case in view of the facts that (1) the only copy of the notice of judgment filed in the record of this case by the Secretary shows on its face that the original was addressed to Gerónimo Fonalledas, c/o Att'y Virgilio Brunet, Hato Rey, Puerto Rico, and that (2) Att'y Brunet has filed a sworn statement that he never received in the mail any notice addressed directly to him.

The motion to dismiss the appeal will be denied.